IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-610 (CCC)

**Jean Carlos GUZMÁN-CANDELARIO**,
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico, Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernández-Vega, Assistant United States Attorney and Deputy Chief of the Violent Crimes Unit, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, along with Defendant, **Jean Carlos Guzmán-Candelario**, and his counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

**1. COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment, which charges as follows:

<u>Count One</u>**:**

On or about November 16, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Jean Carlos GUZMÁN-CANDELARIO, did take a motor vehicle -- to wit: a 2018 Audi Q5 (bearing Puerto Rico license plate number IYS-807), which had been transported, shipped, and received in interstate or foreign commerce -- from the person or presence of another, by force,

violence, and intimidation, with the intent to cause death or serious bodily harm. All in violation of Title 18, United States Code, Section 2119(1).

## 2. MAXIMUM PENALTIES

The statutory penalties for the offense charged in Count One of the Indictment are an imprisonment term of not more than fifteen years, a supervised-release term of not more than three years, and a fine of not more than $250,000.

## 3. SENTENCING GUIDELINES APPLICABILITY



Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and that the United States Sentencing Guidelines (hereinafter, the "Guidelines") have been rendered advisory by the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

JCG

Defendant agrees to pay a special monetary assessment of $100 per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The United States is not bound to make any recommendations as to the imposition of fines. Defendant further acknowledges that his offense of conviction is subject to the mandatory restitution provisions of 18 U.S.C. § 3663A. Therefore, at sentencing the court shall order that Defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate. *See* 18 U.S.C. § 3663A(a)(1).

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and that the Guidelines (including the Guidelines' Policy Statements, Application Notes, and Background Notes) are advisory. Furthermore, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and, thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum established for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. *See* Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. *See* Fed. R. Crim. P. 11(c)(3)(B).

INTENTIONALLY LEFT BLANK

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:



| Sentencing Guidelines Calculation Table Count One | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level | Base offense level under U.S.S.G. § 2B3.1(a). | | | | | | 20 |
| | Dangerous weapon was brandished or possessed, U.S.S.G. § 2B3.1(b)(2)(E) | | | | | | 3 |
| | Offense involved carjacking, U.S.S.G. 2B3.1(b)(5) | | | | | | 2 |
| | A person was abducted to facilitate commission of the offense, U.S.S.G. § 2B3.1(b)(4)(A) | | | | | | 4 |
| | Three-level reduction for timely acceptance of responsibility, U.S.S.G. § 3E1.1. | | | | | | -3 |
| Total Offense Level | | | | | | | 26 |
| Sentencing Ranges for Count One (in months) | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 26 | 063-078 | 070-087 | 078-097 | 092-115 | 110-137 | 120-150 |

### 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 9. SENTENCE RECOMMENDATION

At sentencing, the parties shall recommend an imprisonment sentence within the applicable Guidelines range derived from a total offense level 26 and the criminal history category determined by the Court.

### 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range for a total offense level 26 when combined with the defendant's criminal history category as determined by the Court, the defendant waives the right

to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release

**11.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by either party for such further adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement.

**12.   SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, SULAY RÍOS-FUENTES, and asserts that counsel has rendered effective legal assistance.

**13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights of criminal defendants, including but not limited to the following:

  a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge had agreed.

  b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant would be able to present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. STIPULATION OF FACTS**



The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any term or condition not stated herein.

## 17. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 18. DISMISSAL OF ALL REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

## 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy R. Henwood**
First Assistant U.S. Attorney
Dated: 5-21-18

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Unit
Dated: 5/21/2018

_____
**Juan Carlos Reyes-Ramos**
Assistant U.S. Attorney
Dated: 5/21/2018

_____
**Sulay Ríos-Fuentes, Esq.**
Counsel for Defendant
Dated: 6/12/2018

_____
**Jean Carlos Guzmán-Candelario**
Defendant
Dated: 6/12/2018

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> that may apply in my case. My counsel has translated this Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 6/12/2018

*Jean C. Guzmán*
**Jean Carlos Guzmán-Candelario**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Furthermore, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated this Plea and Forfeiture Agreement and explained it in the Spanish language to the Defendant, who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6/12/2018

**Sulay Ríos-Fuentes, Esq.**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **Jean Carlos Guzmán-Candelario**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 2119(1). If this case had gone to trial, the United States would have proven these facts beyond a reasonable doubt.

On November 16, 2017, at approximately 1:50 p.m., an adult female (hereinafter, the "Victim") was sitting in the driver seat of her vehicle, which was parked in front of the María Reina Academy in San Juan, Puerto Rico. The vehicle was identified as a 2018 Audi Q5, bearing Puerto Rico license plate IYS-807. Around that time, Defendant Jean Carlos Guzmán-Candelario opened the vehicle's front-passenger door and entered the vehicle while brandishing a knife. Defendant ordered Victim to get him out of that area. Victim complied and drove off. Defendant then put on a blue pair of latex gloves and began to search the Victim's purse, from which he took cash and a pair of sunglasses. Defendant then ordered Victim to give him her Cartier watch; the Victim complied.

Defendant then ordered Victim to drive to Callejón Correa, a dead end street in the Monacillos ward. Upon arriving at Callejón Correa, Defendant ordered Victim to stay in the car and wait for him. Defendant exited the car and walked away. Defendant returned a while later, and re-entered the car. Defendant then ordered Victim to drive to a shopping center in Guaynabo, Puerto Rico. Victim again complied. Upon arriving at the shopping center, Defendant exited the car and walked away.

Defendant acknowledges that the aforementioned motor vehicle had been transported, shipped, and received in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including but not limited to testimony of local and federal agents, photographs, documents, videos, and other physical evidence.

The United States provided full and timely discovery to Defendant.

_____
**Juan Carlos Reyes-Ramos**
Assistant U.S. Attorney
Dated: 5/21/2018

_____
**Sulay Ríos-Fuentes, Esq.**
Counsel for Defendant
Dated: 6/12/2018

_____
**Jean Carlos Guzmán-Candelario**
Defendant
Dated: 6/12/2018